```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WV THERAPY SERVICES, LLC,**

       **Plaintiff,**

v.                           //    CIVIL ACTION NO. 1:12CV124
                                        (Judge Keeley)

**MOSHE ORLINSKY, doing business
as Missouri Valley Health Care,**

       **Defendant.**

### MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S MOTION TO SET ASIDE DEFAULT [DKT. NO. 21]

On December 21, 2012, the Clerk of Court entered a default against the plaintiff, West Virginia Therapy Services, LLC ("WVTS") for failing to file a timely response to the counterclaims of the defendant, Moshe Orlinsky ("Orlinsky"), doing business as Missouri Valley Health Care. (Dkt. No. 19). On December 22, 2012, WVTS moved the Court to set aside the default. (Dkt. No. 21). The motion is now fully briefed and ripe for disposition.

**I.**

This case arises from a contract between Orlinsky, who owns a nursing home in Richwood, West Virginia, and WVTS, with whom he contracted to provide therapy services to nursing home residents. In its complaint, WVTS alleges that Orlinsky breached the contract by withholding payment for services rendered, violating the contract's non-compete clause, and to failing to pay WVTS

**WV Therapy Services, Inc. v. Orlinsky**                               **1:12cv124**

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT [DKT. NO. 21]**

reasonable fees and expenses associated with the enforcement of the contract. (Dkt. No. 1-2). On October 31, 2012, Orlinsky answered the complaint and counterclaimed, asserting that WVTS had failed to perform under the contract in various ways. (Dkt. No. 17).

Counsel for WVTS was notified of the counterclaim via the CM/ECF system, and thus was served with notice as of October 31, 2012. See L.R.C.P. 5.06. Pursuant to Fed.R.Civ.P. 12(a)(1)(A)(I), WVTS had to answer Orlinsky's counterclaim on or before November 21, 2012. As of December 20, 2012, when WVTS moved for entry of default, (dkt. no. 18), WVTS had not done so. Accordingly, on December 21, 2012, the Clerk of Court entered default against WVTS pursuant to Fed.R.Civ.P. 55(a). WVTS now moves the Court to set aside that default.

**II.**

A court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts interpret Rule 55(c) liberally to avoid the "onerous consequences" of defaults and default judgments. Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). Any doubts should be resolved in favor of setting aside an entry of default and hearing a case on the merits. Id. Stated differently, a default judgment should be entered only if other sanctions would not

2

**WV Therapy Services, Inc. v. Orlinsky**                          **1:12cv124**

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT [DKT. NO. 21]**

suffice. See Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987). "The disposition of motions made under Rule [ ] 55(c) ... is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204 (4th Cir. 2006) (citing Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967)).

The factors used to determine if "good cause" warrants setting aside an entry of default are

> whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Id. at 204-05.

In the Fourth Circuit, the "meritorious defense" and "reasonable promptness" factors are given the most weight. See Consol. Masonry & Fireproofing, Inc., 383 F.2d at 251. "Whether a party has taken 'reasonably prompt' action ... must be gauged in light of the facts and circumstances of each occasion . . . ." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). "In order to establish a meritorious defense, the defaulting party need only present evidence which, if believed, would permit either the

**WV Therapy Services, Inc. v. Orlinsky**                              **1:12cv124**

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT [DKT. NO. 21]**

Court or the jury to find for the defaulting party." Kartmann v. Markle, No. 5:10CV106, 2011 WL 2671240, *1 (N.D.W. Va., July 7, 2011) (citing Moradi, 673 F.3d at 727)). Additionally, a court may consider whether the default would wrongly disadvantage a blameless party when attorney error is the sole cause of the default. Id. at *2 (citing Moradi, 673 F.3d at 727).

### III.

After considering the factors set forth in Payne, the Court concludes that good cause exists to set aside the default against WVTS. First, based on its answer and the affidavit of Greg Hayes, managing member of WVTS, WVTS presents a meritorious defense to the counterclaims of Orlinsky. In its answer, WVTS expressly denies that it failed to perform under the contract, as alleged by Orlinksy. Moreover, Hays affirmatively states in his affidavit that WVTS performed under the contract. Thus, should a jury believe Hays, it could decide Orlinsky's counterclaims in favor of WVTS.

Second, WVTS has acted with reasonable promptness. On December 21, 2012, only one day after entry of default, WVTS answered Orlinsky's counterclaim and moved to set aside the default. These prompt responses, and the fact that the case is still in its early

**WV Therapy Services, Inc. v. Orlinsky**                               **1:12cv124**

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT [DKT. NO. 21]**

stages, counsels in favor of the conclusion that WVTS acted with reasonable diligence in response to the default.

Third, and importantly, WVTS was not personally responsible for the delayed answer to Orlinsky's counterclaim. Counsel for WVTS provided the Court with an affidavit attesting to counsel's own mistake in overlooking the CM/ECF notification of Orlinsky's counterclaims. (Dkt. No. 22-2). It would unfairly disadvantage WVTS to hold it responsible for the error of its attorney.

Fourth, WVTS has otherwise complied with all deadlines in this proceeding, and does not evince a history of dilatory actions. Furthermore, as WVTS's failure to answer Orlinsky's counterclaim delayed the proceeding by no more than two months, and there is no indication that WVTS intentionally caused that delay, it has caused Orlinsky little or no prejudice. On the other hand, allowing the default to remain in place would seriously prejudice WVTS, particularly when the delayed response was due to attorney error.[1]

---

[1] The final factor, whether a less drastic sanction is available, is moot in this case because Orlinsky did not specifically request costs and fees associated with the default. Absent such a request, the Court will not sua sponte order WVTS to pay those fees.

**WV Therapy Services, Inc. v. Orlinsky**                                        **1:12cv124**

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT [DKT. NO. 21]**

**IV.**

In conclusion, for the reasons discussed above, the Court **GRANTS** the plaintiff's motion to set aside the default. (Dkt. No. 21).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: January 18, 2013

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE